## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ANTONE L. KNOX,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **No. CIV 16-421-RAW** |
| ) | |
| **LORETTA LYNCH and** ) | |
| **JONATHAN SMITH,** ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

On October 5, 2016, Plaintiff, a pro se prisoner in the custody of the Oklahoma

Department of Corrections (DOC) who is incarcerated at Oklahoma State Penitentiary (OSP),

filed an "ex parte" complaint and a motion for leave to proceed *in forma pauperis* (Dkts. 1,

3). The complaint alleged officials of OSP, DOC, and the Oklahoma Pardon and Parole

Board violated his constitutional rights, and officials of the U.S. Department of Justice failed

to investigate his claims against the state officials.[1]

On November 3, 2016, the Court denied Plaintiff's motion for leave to proceed *in*

*forma pauperis* and directed him to pay the filing and administrative fees for this action,

because he has accumulated at least three prior civil actions that count as "strikes" pursuant

to 28 U.S.C. § 1915(g) (Dkt. 5). Plaintiff failed to pay the filing and administrative fees as

directed, and this action was dismissed without prejudice on November 29, 2016 (Dkt. 6).

---

[1] The Court notes that on November 8, 2016, Plaintiff filed a civil rights complaint against
the Oklahoma Pardon and Parole Board and twelve Oklahoma officials, raising claims that are
similar to the claims in this case. *See Knox v. Okla. Pardon and Parole Bd.*, No. CIV 16-491-JHP
(E.D. Okla. Nov. 8, 2016).

Plaintiff has filed an Objection to the denial of *in forma pauperis* status, alleging this lawsuit is not a civil rights action pursuant to 42 U.S.C. § 1983, but is instead a request for mandamus relief under 28 U.S.C. § 1331 (Dkt. 8).[2, 3] He claims his complaint asked this Court to require the defendants to investigate numerous claims he has presented to the Department of Justice concerning his allegedly unconstitutional treatment by the Oklahoma Pardon and Parole Board, DOC, and OSP. Because he is seeking mandamus relief, Plaintiff asserts § 1915(g) does not apply to this case.

In *Green v. Nottingham*, 90 F.3d 415 (10th Cir. 1996), the Tenth Circuit Court of Appeals squarely held that "petitions for a writ of mandamus are included within the meaning of the term 'civil action' as used in § 1915." *Id.* at 418. "Allowing prisoners to continue filing actions as they had before enactment of the [Prison Litigation Reform Act], merely by framing pleadings as petitions for mandamus would allow a loophole Congress surely did not intend in its stated goal of 'discourag[ing] frivolous and abusive prison lawsuits.'" *Id.*

Congress has mandated that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 . . . ." 28 U.S.C. § 1914(a). The party instituting any civil action also must pay a $50 administrative fee, pursuant to the District Court Fee Schedule. Because Petitioner was not granted leave to proceed *in forma pauperis*,

---

[2] It is unclear whether Plaintiff was aware of the dismissal of this action when he filed his Objection. He is not attacking the Order or Judgment dismissing the action, but even if his Objection is construed as a Rule 60(b) motion, he has not shown he is entitled to relief.

[3] 28 U.S.C. § 1331 is the "Federal Question" statute stating that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The district courts' jurisdiction of mandamus actions is granted by 28 U.S.C. § 1361.

the filing and administrative fees of $400 were due by November 24, 2016.

**ACCORDINGLY,** Plaintiff's Objection to the Court's Order denying him leave to proceed *in forma pauperis* (Dkt. 8) is DENIED.

**IT IS SO ORDERED** this 12th day of December 2016.

**Dated this 12th day of December, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma